Clerk

CARLSMITH BALL LLP

JOHN P. MANAUT  3989-0
2200 ASB Tower
1001 Bishop Street
Honolulu, HI  96813
Tel. No. (808) 523-2500
Fax No. (808) 523-0842
jpm@carlsmith.com

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 3 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

POWERS, PYLES, SUTTER AND VERVILLE, P.C.

*THOMAS J. HYLDEN, DC Bar No. 22876
*LARRY S. GONDELMAN, DC Bar No. 950691
*MARY B. CUMMINS, PA State Bar No. 204361
1875 Eye Street, NW, Twelfth Floor
Washington, DC 20006
Tel. No. (202) 466-6550
Fax No. (202) 785-1756
thomas.hylden@ppsv.com
larry.gondelman@ppsv.com
molly.cummins@ppsv.com
*Subject to Pending Admission *Pro Hac Vice*

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATIONAL CAREER COLLEGE, INC., doing business as HAWAII BUSINESS COLLEGE, and ALLEN MIRZAEI,<br><br>Plaintiffs,<br><br>vs. | CIVIL NO. **CV07 00075 HG LEK**<br>(Other Statutory Action)<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; EXHIBITS A-O; DECLARATION OF MR. ALLEN MIRZAEI; SUMMONS |

| | |
|---|---|
| MARGARET SPELLINGS, SECRETARY, UNITED STATES DEPARTMENT OF EDUCATION, in her official capacity,<br><br>    Defendant. | |

# COMPLAINT FOR PRELIMINARY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1. Plaintiffs challenge the U.S. Department of Education's ("DOE," "Department") October 10, 2006 determination that plaintiff Allen Mirzaei in 1997 submitted financial statements with a forged signature to DOE and cannot be trusted to act in the capacity as a fiduciary of federal funds.

2. Based upon that determination, DOE denied Hawaii Business College's ("College") application for recertification to participate in the Federal Student Aid programs, following Mr. Mirzaei's increasing his ownership of the College from 49 percent of the stock of plaintiff National Career College, Inc. to 100 percent.

3. As a result, the College's students no longer have access to Federal Student Aid funds, without which the majority of its students cannot afford to attend, and the Hawaii Business College is faced with imminent closure, with resulting harm to the students, faculty, staff, plaintiffs and the federal treasury.

2

4. Defendant's actions against plaintiffs constitute a de facto debarment contrary to procedural protections and substantive provisions of the Higher Education Act and corresponding regulations, the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment of the United States Constitution.

5. Plaintiffs therefore seek a declaratory judgment that the DOE's action was illegal, that Mr. Mirzaei cannot be debarred from ownership of a federal fund recipient absent procedural safeguards provided for by statute and DOE's own regulations, and that the College is eligible to participate in the Federal Student Aid programs.

6. Plaintiffs also seek temporary, preliminary and permanent injunctive relief setting aside defendant's denial of their application for recertification to continue participation in the Federal Student Aid programs following Mr. Mirzaei's acquisition of ownership, returning Hawaii Business College to the list of institutions whose students are eligible to receive Federal Student Aid funds and compelling DOE to release funds due the College and its students under the Federal Student Aid programs.

## JURISDICTION AND VENUE

7. This action is brought pursuant to the Administrative Procedure Act, 5 U.S.C. 701 *et seq.*, to enforce rights arising out of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1070 *et seq.*, regulations thereunder appearing at 34 C.F.R. Parts 85, 600 and 668, and the Fifth Amendment to the United States Constitution.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1361 and 2201.

8. Venue lies within the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391(e), because the College's property is located in the district and its students reside in the district.

## PARTIES

9. Plaintiff National Career College, Inc. is organized under the laws of California with its principal place of business in Honolulu, Hawaii.  It is the owner of and does business as Hawaii Business College ("College"), a private, post-secondary, vocational school that has provided education and training to thousands of students since its founding by Mr. Mitsuru Omori in 1973.  The College is located in Honolulu, Hawaii.

10. Plaintiff Allen Mirzaei is a United States citizen and legal resident of the state of California. He is the sole shareholder in National Career College, Inc., and serves on its board of directors.

11. Defendant, Margaret Spellings, is the Secretary of the U.S. Department of Education. She is sued in her official capacity.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

<u>The 1998 Debarment and Program Review Proceedings</u>

12. On May 13, 1998, DOE's Administrative Actions and Appeals Division served Mr. Mirzaei with a notice of proposed debarment from federal procurement and non-procurement transactions. A copy of the Notice is attached as Exhibit A. It alleged that Mr. Mirzaei, as the owner of Computer Business College ("CBC") in San Jose, California, either directly participated in, or knew of, or as President of CBC should have known of, the submission of CBC financial statements to DOE that contained forged signatures of the accountant that prepared the statements.

13. Pursuant to applicable DOE debarment regulations, Mr. Mirzaei disputed the proposed debarment, resulting in a formal proceeding before a DOE administrative law judge, *In the Matter of Proposed Debarment of Allen Mirzaei*, Docket No. 98-67-DA. During the course of the proceedings, Mr. Mirzaei

5

submitted a declaration denying his participation in or knowledge of the submission of the allegedly forged signatures, and submitted declarations of other CBC employees in support of his position. The declarations of Mr. Mirzaei and CBC's employee, Ms. Samantha Soltani, are attached as Exhibit B.

14. On June 22, 1998, DOE's Office of Student Financial Assistance Programs issued a Final Program Review Determination ("FPRD"), finding that CBC had violated DOE regulations, and demanding that CBC repay to DOE $2,263,757 in Federal Student Aid funds that allegedly were improperly disbursed on behalf of CBC students.

15. Pursuant to applicable DOE program review regulations, CBC disputed the findings of the FPRD, resulting in a formal proceeding before a DOE administrative law judge, *In the Matter of Computer Business College*, Docket No. 98-121-SP.

16. In April 1999, a Settlement Agreement was signed by Mr. Mirzaei, as President of CBC, and by David Morgan, Director, Administrative Actions and Appeals Division, Office of Student Financial Assistance Programs, resolving both the debarment action and the program review action. A copy of the Settlement Agreement is attached as Exhibit C.

17. Pursuant to the Settlement Agreement, Mr. Mirzaei agreed to a voluntary exclusion from acting as an officer, director, partner, greater-than-five-percent

owner, or primary manager or supervisor of a school or other entity participating in the Federal Student Aid or other programs administered by DOE for a period of three years, expiring on April 15, 2002.

18. Pursuant to the Settlement Agreement, the Department agreed to dismiss with prejudice the proposed debarment proceedings, which was done pursuant to an order of Administrative Law Judge Krueger dated May 5, 1999. A copy of the joint motion and order is attached as Exhibit D.

19. Pursuant to the Settlement Agreement, the Department agreed to accept $61,016 from CBC as the total liability owing from the FPRD allegation, and to dismiss with prejudice the program review proceeding.

20. The Settlement Agreement specifically recited, and the parties acknowledged, that it did not constitute an admission of wrongdoing by any party.

21. The Settlement Agreement provided that, if Mr. Mirzaei violated any of the terms of the voluntary exclusion, DOE could debar him for three years from the point of violation without affording him an opportunity to contest the action pursuant to the applicable debarment regulations.

22. Mr. Mirzaei complied with all the terms of the Settlement Agreement.

23. The voluntary exclusion expired on April 15, 2002.

Hawaii Business College

24. Plaintiff Hawaii Business College was founded in 1973. The Department first approved Hawaii Business College as an institution eligible to receive funds under Title IV of the Higher Education Act ("Title IV" of the "HEA"), 20 U.S.C. § 1070 *et seq.*, in 1976. The College has materially complied with the requirements of Title IV and maintained its institutional eligibility for 30 years.

25. The College is accredited by the American Council for Independent Colleges and Schools ("ACICS"). ACICS is recognized by DOE as a reliable authority regarding the institutions it accredits.

26. The College possesses a Certificate of Good Standing issued by the State of Hawaii Department of Commerce and Consumer Affairs and a General Excise Tax License issued by the State of Hawaii Department of Taxation. These forms represent institutional approval by the State of Hawaii.

27. The College currently enrolls 251 students. Approximately 75 percent of its students are of Asian or Pacific Islander descent, and about 85 percent are female, and many are single mothers. The College routinely enrolls students from all of the major islands in the state.

28. The College currently employs approximately 24 faculty members and 18 staff members.

29. The College offers associate degree and diploma programs in the fields of business, computers, legal and medical assisting and travel and tourism. A copy of the College's current catalog, describing the College and its programs, is attached as Exhibit E.

30. The tuition is approximately $15,000 for the 63-credit diploma programs and $22,000 for the 93-credit associate degree programs. Prior to the actions complained of, approximately 84% percent of the College's students were eligible for and participated in the Federal Student Aid programs in order to pay for their education and training.

Mr. Mirzaei's Purchase of Hawaii Business College

31. The College was founded by Mr. Mitsuru Omori in 1973. His widow, Ann Omori, inherited the school upon his death. She sold the school to Mr. Hossein Afrookteh in 2004. Following the change in ownership to Mr. Afrookteh, the College underwent review by DOE and, in February 2006, was issued a Program Participation Agreement ("PPA"), permitting it to continue its participation in the Federal Student Aid programs under Mr. Afrookteh's ownership. A copy of the February 2006 PPA is attached as Exhibit F.

32. Pursuant to a contract initially executed on August 19, 2005, and subsequently amended by agreements executed on November 29, 2005 and

9

February 22, 2006, Mr. Mirzaei purchased the stock of National Career College, Inc., in a transaction that occurred in two phases.

33. On March 1, 2006, Mr. Mirzaei acquired 2450 shares of the stock, representing a 49% ownership interest in the corporation owning the College.

34. On March 7, 2006, the College submitted a change of ownership application to DOE, notifying DOE of Mr. Mirzaei's acquisition of the 49 percent interest and his addition to the College's Board of Directors; the application also notified DOE of Mr. Mirzaei's prior ownership of Computer Business College, the subject of the 1998 debarment and program review proceedings. A copy of the March 7 change-in-ownership application is attached as Exhibit G.

35. On June 7, 2006, the Department issued an Eligibility and Certification Report ("ECAR"), certifying the College's eligibility to participate in the Federal Student Aid programs with Mr. Mirzaei as a member of the Board and as a 49 percent owner of the company owning the College. A copy of the June 7, 2006 ECAR is attached as Exhibit H.

36. Pursuant to the approval, the College continued to participate, and its students continued to participate, in the Federal Student Aid programs.

37. On August 1, 2006, Mr. Mirzaei acquired the remaining 51 percent of the shares of the College's corporate owner. Mr. Mirzaei paid Mr. Afrookteh a total purchase price of $1.4 million for stock.

38. On August 8, 2006, the College submitted a change in ownership application to DOE, notifying DOE of Mr. Mirzaei's acquisition of the remaining 51 percent interest in the College, of his becoming the College's President and CEO, and the addition of his adult children, Niema Mirzaei and Ramin Mirzaei, to the Board of Directors, with Niema Mirzaei also serving as Chief Fiscal Officer. A copy of the August 8, 2006 change-in-ownership application is attached as Exhibit I.

39. By e-mail dated August 24, 2006, DOE employee Shane Dunne notified the College that it must cease drawing down Federal Student Aid funds pending review of the change in ownership application, and that it would be required to return funds it had drawn down since August 1, 2006. A copy of the e-mail is attached as Exhibit J.

40. By letter dated August 25, 2006, DOE employee Linda Henderson notified the College that it was being transferred to the Heightened Cash Monitoring 2 ("HCM 2") method of payment of Federal Student Aid funds, permitting the College to continue to obligate Federal Student Aid funds to students, and to disburse College funds to those students, subject to reimbursement by DOE if and when DOE approves the disbursement. A copy of the letter is attached as Exhibit K.

41. On August 30, 2006, Mr. Shane Dunne notified the College by e-mail that no requests submitted pursuant to the HCM 2 method of payment would be paid until the College received a new program participation agreement following DOE's review of the change-in-ownership application. A copy of the e-mail is attached as Exhibit L.

42. Throughout the month of September, the College, directly and through counsel, wrote and called the Department asking for a response to the change-of-ownership application and seeking a meeting with DOE if there were thought to be any problems with the application.

43. By letter dated October 10, 2006, DOE's Ms. Henderson notified the Mr. Mirzaei that he had, when owner of Computer Business College, submitted financial statements with a forged signature and therefore could not be trusted to act as a fiduciary for federal funds. A copy of the October 10 letter is attached as Exhibit M.

44. Although the October 10 letter acknowledged that the prior debarment proceeding was resolved by Settlement Agreement, it did not allege that Mr. Mirzaei had violated its terms or provide for any of the procedural requirements for initiating or extending a debarment proceeding provided for by regulation.

45. By letter dated October 30, 2006, plaintiffs' then counsel asked the Department to reconsider and reverse its position. A copy of the letter is attached as Exhibit N.

46. By letter dated November 9, 2006, DOE denied the request for reconsideration, finding: "The Department concluded that you fraudulently presented forged financial statements to the Department on behalf of [Computer Business College]...." A copy of the letter is attached as Exhibit O.

47. As a result of DOE's action, Hawaii Business College has been operating without Federal Student Aid for its students since August 1, 2006. Attendance has been dwindling. Although the College has located an alternative, privately funded student loan program, that program has credit requirements not present in the Federal Student Aid programs, with the result that only about 20 percent of the College's students can qualify for loans to finance their education.

48. Mr. Mirzaei has been personally funding the College since the loss of federal eligibility, but he cannot continue to do so. Absent relief from the court, the school will be forced to close, the students will not be able to complete their educations there, employees will lose their jobs and Mr. Mirzaei will lose his considerable investment in the school and its students.

## STATEMENT OF CLAIMS

49. The actions of DOE amount to a de facto debarment of Mr. Mirzaei from eligibility to participate in the ownership and control of educational institutions that participate or would participate in the Federal Student Aid programs administered by DOE.

50. The debarment was effected without a hearing and in violation of the procedural safeguards required by DOE's own debarment regulations at 34 C.F.R. part 85.

51. Plaintiffs have exhausted all administrative remedies.

52. The actions of DOE in debarring Mr. Mirzaei from ownership or control of an institution participating in the Federal Student Aid programs and in denying the College's change-of-ownership application on that basis were arbitrary, capricious and in violation of law, regulation and the due process clause of the Fifth Amendment to the U.S. Constitution.

53. Plaintiffs will suffer irreparable harm without issuance of injunctive relief because the current owner cannot afford to continue supporting the entire school, its staff and its students. The school is facing imminent closure if it is not given financial relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request:

1. A declaratory judgment that the DOE's action was illegal, that Mr. Mirzaei cannot be debarred from ownership of a federal fund recipient absent notice and an opportunity for a hearing as provided for by statute and DOE's own regulations, and that the College is eligible to participate in the Federal Student Aid programs pending notice and a hearing on the proposed debarment.

2. Temporary, preliminary and permanent injunctive relief setting aside defendant's denial of their application for recertification to continue participation in the Federal Student Aid programs following Mr. Mirzaei's acquisition of ownership, compelling DOE to return Hawaii Business College to the list of institutions whose students are eligible to receive Federal Student Aid funds, and compelling DOE to release funds due the College and its students under the Federal Student Aid programs, pending Mr. Mirzaei's being provided notice and a hearing on the proposed debarment pursuant to 34 C.F.R. Part 85.

3. The costs of suit and reasonable attorney's fees; and

4. Such other relief as the Court may deem appropriate.

DATED: February 13th, 2007     Respectfully submitted,

_____
JOHN P. MANAUT
Carlsmith Ball LLP
2200 ASB Tower
1001 Bishop Street
Honolulu, HI 96813


and

_____
*THOMAS J. HYLDEN
*LARRY S. GONDELMAN
*MARY B. CUMMINS
Powers, Pyles, Sutter and Verville, P.C.
1875 Eye Street, NW, Twelfth Floor
Washington, DC 20006
*Subject to Pending Admission *Pro Hac Vice*

16