IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| NATIONAL CAREER COLLEGE, INC., | ) | CIVIL NO. 07-00075 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARGARET SPELLINGS, SECRETARY, UNITED STATES DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Before the Court is Defendant Margaret Spellings, Secretary, United States Department of Education's ("DOE") Motion for Protective Order ("Motion"), filed May 23, 2007.  Plaintiffs National Career College, Inc., dba Hawai`i Business College's ("HBC"), Alan Mirzaei ("Mirzaei"), Ramin Mizraei and Neima Mirzaei (collectively "Plaintiffs"), filed their memorandum in opposition to the Motion on June 6, 2007.

This matter came on for hearing on June 8, 2007. Appearing on behalf of Plaintiffs were Melissa H. Lambert, Esq., and Thomas J. Hylden, Esq. (by phone).  Assistant U.S. Attorney Thomas A. Helper and Russell Wolff, Esq. (by phone) appeared on behalf of DOE.  After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, DOE's Motion for Protective Order is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

The instant action is the judicial review, pursuant to the Administrative Procedure Act ("APA"), of DOE's denial of HBC's application to participate in the federal student financial assistance programs pursuant to Title IV.  [Mem. in Supp. of Mot. at 1-2.]  HBC had to reapply for Title IV eligibility because its previous agreement with DOE expired after a change of ownership, whereby Mirzaei became HBC's sole shareholder.  [Id.]  DOE denied HBC's application because previously, an institution owned wholly by Mirzaei submitted financial statements that contained forged signatures of the institution's certified public accountant.  HBC sought reconsideration of DOE's decision, which DOE denied.  On February 13, 2007, Plaintiffs commenced the instant action. Plaintiffs moved for a temporary restraining order and a preliminary injunction, both of which Chief Judge Gillmor denied, on February 16, 2007, and March 19, 2007, respectively.  On March 5, 2007, Plaintiffs filed a First Amended Complaint. DOE claims that although this case is a record review of a final agency action, Plaintiffs served it with first requests for answers to interrogatories and first requests for production of documents on May 1, 2007.  [Id. at 3.]  Additionally, on May 7, 2007, Plaintiffs noticed DOE for the depositions of two of its employees.

In the instant Motion, filed on May 23, 2007, DOE seeks a protective order prohibiting discovery given the inappropriateness of discovery in a record review of a final agency action.  [Id. at 3-4.]  DOE explains that in this type of action, judicial review should be limited to the agency record and that discovery is rarely, if ever, appropriate absent exceptional circumstances.  [Id. at 4-5.]  DOE additionally argues that Plaintiff cannot establish any of the three narrow grounds recognized by the Ninth Circuit (necessary to explain agency action; when it appears that the agency relied on documents or materials not included in the record; explain technical terms or complex subject matter involved in the agency action) that would permit discovery.  [Id. at 5-6.]

First, the administrative record - comprised of the application, the denial, affidavits from the accountant affirming that someone forged his signature, the request for reconsideration, and the reaffirmation of denial - is all the Court needs to evaluate DOE's decision.  [Id. at 7-8.]  DOE argues that as long as the Court finds that its denial of HBC's application was neither arbitrary nor illegal, then DOE is entitled to judgment.  [Id. at 8.]

Second, there is no evidence suggesting that DOE relied on documents not included in the record.  According to DOE, Plaintiffs have alleged that the denial of their application

3

constitutes a de facto debarment of Mirzaei and his sons.   DOE
contends that this collateral attack on the decision does not
create a basis for discovery.   [Id. at 9.]   DOE moreover asserts
that Plaintiffs have failed to present evidence that would
demonstrate that DOE denied its application in bad faith.   Thus,
DOE maintains that Plaintiffs cannot establish the significant
showing that discovery would show the record to be incomplete,
which would allow them to obtain discovery from DOE.   [Id. at
10.]

         Third, no technical issues or complexities exist that
would require special discovery from DOE.   According to DOE, this
straightforward case simply involved an application to
participate in a federal program; denial of the application based
on the past conduct that called into question Mirzaei's ability
to act as DOE's fiduciary; a request for reconsideration of the
denial; and a denial of the request for reconsideration.   [Id. at
11.]

         On June 6, 2006, Plaintiffs filed an Opposition to
DOE's Motion.   The crux of Plaintiffs' argument is that DOE de
facto debarred them.   To confirm this, they seek to obtain
discovery.   Specifically, they served DOE with interrogatories,
requests for production of documents, and notices of deposition
for the purpose of discovering "what information DOE relied upon
in denying Mr. Mirzaei a hearing and finding that he breached

fiduciary duties in 1998, as well as the scope and effect of the determination that he has violated fiduciary duties and is therefore not qualified to be the owner of a school that contracts with DOE to participate in the federal student aid programs." [Opp'n at 4.]  Plaintiffs counter DOE's argument that this case is only about a denial of a change-in-ownership application, asserting that it is actually about a de facto debarment without procedural safeguards.  Moreover, Plaintiffs argue that the discovery they seek is not broad or abusive and that they are entitled to information relevant to DOE's justifications for its actions, evidence considered by DOE, and DOE's future intentions.

Plaintiffs further argue that they are entitled to discovery under the standard articulated by DOE.  Plaintiffs explain that this case presents exceptions to the general rule that judicial review is limited to the administrative record.  In particular, Plaintiffs maintain that DOE relied on information outside the record; that they do not know what factors DOE considered in making its determination; and that DOE's lack of transparency in its decision-making raises the question of whether DOE operated in bad faith.

**STANDARD**

Federal Rule of Civil Procedure 26 specifically provides:  "[p]arties may obtain discovery regarding any matter,

not privileged, that is relevant to the claim or defense of any
party . . . . [or] reasonably calculated to lead to the discovery
of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy,
for purposes of Rule 26(b), is a broad concept that is construed
liberally. Amendments to the rule in 2000, however, were
"designed to involve the court more actively in regulating the
breadth of sweeping or contentious discovery." Fed. R. Civ. P.
26 advisory committee's notes; see also Elvig v. Calvin
Presbyterian Church, 375 F.3d 951, 967-68 (9th Cir. 2004); Sallis
v. Univ. of Minn., 408 F.3d 470, 477 (8th Cir. 2005). "Under
Rule 26(b)(1), for example, discovery must now relate more
directly to a 'claim or defense' than it did previously, and 'if
there is an objection that discovery goes beyond material
relevant to the parties' claims or defenses, the court would
become involved.'" Elvig, 375 F.3d at 968.

　　　　Although Rule 26(b) permits rather broad discovery so
long as the discovery is relevant and not privileged, Rule 26(c)
authorizes courts to issue protective orders upon good cause
shown. Rule 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom
> discovery is sought, accompanied by a
> certification that the movant has in good faith
> conferred or attempted to confer with other
> affected parties in an effort to resolve the
> dispute without court action, and for good cause
> shown, the court in which the action is pending or
> alternatively, on matters relating to a
> deposition, the court in the district where the
> deposition is to be taken may make any order which

> justice requires to protect a party or person from
> annoyance, embarrassment, oppression, or undue
> burden or expense, including one or more of the
> following:
>        (1) that the disclosure or discovery not be
> had;
>        (2) that the disclosure or discovery may be
> had only on specified terms and conditions,
> including a designation of the time or place;
>        (3) that the discovery may be had only by a
> method of discovery other than that selected by
> the party seeking discovery;
>        (4) that certain matters not be inquired
> into, or that the scope of the disclosure or
> discovery be limited to certain matters[.]

Fed. R. Civ. P. 26(c).

> Rule 26(c) also provides that
>
> If the motion for a protective order is denied in
> whole or in part, the court may, on such terms and
> conditions as are just, order that any party or
> other person provide or permit discovery.  The
> provisions of Rule 37(a)(4) apply to the award of
> expenses incurred in relation to the motion.

Id.

In the instant case, the information sought by

Plaintiffs through various discovery devices is neither relevant

nor permitted.  Despite Plaintiffs' contention that the primary

issue is whether they were de facto debarred, this case is merely

a judicial review of an agency determination.  Indeed, Chief

Judge Gillmor, in denying Plaintiffs' Motion for Preliminary

Injunction, determined that Mr. Mirzaei has not been de facto

debarred.  In so holding, Chief Judge Gillmor explained that

Mr. Mirzaei is still able to participate in Title IV programs;

his name is not on the Excluded Persons List; and he is not

7

limited in his ability to contract with other agencies.  Because Plaintiffs' de facto debarment claim has already been addressed at length and found to be without merit, such a claim cannot provide Plaintiffs with a means to obtain discovery where none is permitted.

According to the Ninth Circuit, judicial review of an agency action is generally limited to review of the administrative record.  Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), modified 867 F.2d 1244 (9th Cir. 1989) (citing Friends of the Earth v. Hintz, 800 F.2d 822, 828 (9th Cir. 1986)).  Certain circumstances, however, warrant either review beyond the record or the allowance of discovery. Id. (citing Public Power Council v. Johnson, 674 F.2d 791, 793 (9th Cir. 1982)).  The district court may, for example, look outside the record or permit discovery when "necessary to explain the agency's action." Id. (citation omitted).  Such inquiries are "limited to determining whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision." Id. (citing Hintz, 800 F.2d at 829).

A district court may also conduct review beyond the record or allow discovery "when it appears the agency has relied on documents or materials not included in the record" and when "supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action."

Id. (citations omitted).  Finally, review beyond the record is permitted "when plaintiffs make a showing of agency bad faith." Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005) (citation omitted).  Although these exceptions are widely accepted, they are narrowly construed and applied.  Id.

None of these narrow exceptions are applicable based on the evidence before the Court.  As already discussed, Chief Judge Gillmor ruled that Mr. Mirzaei was not de facto debarred. Plaintiffs' assertions that their case falls under these exceptions are therefore misplaced.  Here, discovery is not necessary to explain DOE's action; it does not appear that DOE relied on documents or materials not included in the record; this case does not involve complex subject matter; and Plaintiffs have not made a showing of bad faith on DOE's part.

As DOE explained, a review of the record, which here includes HBC's application; DOE's denial; affidavits from the accountant affirming that someone forged his signature; HBC's request for reconsideration; and DOE's reaffirmation of its denial, is sufficient to evaluate its decision.  Because they rely on their claim of de facto debarment, Plaintiffs insist that DOE relied on materials outside the record.  However, the evidence before the Court does not suggest that DOE relied on documents or materials not included in the record.  Nor have Plaintiffs made a showing of bad faith.  Indeed, they themselves

only argued that DOE's lack of transparency raises the question
of whether DOE operated in bad faith.  This falls well short of
establishing bad faith.  It is clear that this case does not
present any of the narrow exceptions that would permit Plaintiffs
to conduct discovery.  Accordingly, DOE has shown good cause for
the issuance of a protective order, which will preclude
Plaintiffs from obtaining discovery.

### CONCLUSION

Based on the foregoing, Defendant's Motion for
Protective Order, filed May 23, 2007, is HEREBY GRANTED.  This
Court GRANTS Defendant's request to preclude Plaintiffs' from
obtaining discovery.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 14, 2007.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NATIONAL CAREER COLLEGE, INC. V. MARGARET SPELLINGS, SECRETARY,
UNITED STATES DEPARTMENT OF EDUCATION; CIVIL NO. 07-00075 HG-LEK;
ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**