IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| NATIONAL CAREER COLLEGE, INC., | ) ) ) | CIVIL NO. 07-00075 HG-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MARGARET SPELLINGS, SECRETARY, UNITED STATES DEPARTMENT OF EDUCATION, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING CARLSMITH BALL LLP'S AND POWERS PYLES SUTTER & VERVILLE, P.C.'S MOTIONS TO WITHDRAW AS ATTORNEYS FOR PLAINTIFFS**

Before the Court is Carlsmith Ball LLP's ("Carlsmith") and Powers Pyles Sutter & Verville, P.C.'s ("PPSV") Motions to Withdraw as Attorneys for Plaintiffs, filed on June 26, 2007, and July 5, 2007, respectively.  This matter came on for hearing on July 11, 2007.  Melissa Lambert, Esq., appeared on behalf of Carlsmith; Thomas Hylden, Esq., appeared on behalf of PPSV; and Assistant U.S. Attorney Edric Ching appeared on behalf of the Department of Education.  After careful consideration of the Motion, supporting memoranda, and the arguments of counsel, Carlsmith's and PPSV's Motions are HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

In the instant Motion, Carlsmith moves to withdraw as local counsel for Plaintiffs on three grounds: 1) withdrawal will

not delay the proceedings or prejudice Plaintiffs; 2) Plaintiffs have not tendered payment for their attorneys' fees; and 3) good cause exists for their withdrawal.  As to the first ground, Carlsmith argues that Plaintiffs will not be prejudiced nor will the proceedings be delayed because Plaintiffs are represented by numerous counsel, all of whom have been actively involved since the inception of the case.  Carlsmith notes that it has never acted as lead counsel and that Plaintiffs' current lead counsel, Robert David Baker, is admitted to practice before this Court under Local Rule 83.1(a).[1]

      Carlsmith secondly asserts that the fees incurred to date exceed $25,000, which Plaintiffs have not paid, even after repeated requests.  Moreover, Plaintiffs have not replenished the retainer and have failed to communicated with Carlsmith regarding payment and handling issues.  Thirdly, Carlsmith contends that good cause exists for its withdrawal as co-counsel, based on Plaintiffs' failure to communicate on all aspects of handling the case, which has resulted in unreasonably difficult representation.  Carlsmith lastly emphasizes that it is in Plaintiffs' financial interest to permit withdrawal given that Plaintiffs are already well-represented and Carlsmith's

---

[1] Mr. Baker entered a Notice of Appearance on June 6, 2007, representing that he is currently a member in good standing of the California Bar and that he was admitted to practice before this Court on September 2, 1997.

involvement will result in duplicative attorneys' fees.

On July 5, 2007, PPSV also filed a Motion to Withdraw as Attorneys for Plaintiffs.  The Motion and supporting papers are identical to those filed by Carlsmith.  Even though Mr. Hylden has acted as lead counsel, PPSV asserts that Plaintiffs instructed that Mr. Baker (a non-PPSV attorney) take over as lead counsel.  For the same reasons extended by Carlsmith, PPSV moves to withdraw because 1) its withdrawal will not adversely affect Plaintiffs, who have selected Mr. Baker as lead counsel; 2) Plaintiffs have not communicated with PPSV since March, rendering representation unreasonably difficult; and 3) Plaintiffs have failed to pay attorneys' fees and expenses (in excess of $125,000) since mid-March, despite repeated requests.

No oppositions were filed nor did anyone oppose the Motions at the hearing.

## **STANDARD**

Under Local Rule 83.6(b), "[a]n attorney who has appeared in a case may seek to withdraw on motion showing good cause."  A motion to withdraw must specify: the grounds for withdrawal; and the name, address, and telephone number of the client.  The attorney's notice to the client must inform him that he is personally responsible for complying with all court orders and deadlines.  If the client is a corporation, the notice must also inform the client that it cannot appear without counsel

3

admitted to practice in the court and that any filings made prior to the retention of substitute counsel could be stricken and could lead to sanctions.  See Local Rule 83.6(b).

In determining whether there is good cause for withdrawal, courts have considered whether the client is cooperative and willing to assist the attorney in the case.  See, e.g., Whiting v. Lacara, 187 F.3d 317, 321 (2d Cir. 1999).  The Seventh Circuit has held that "[u]nless there is a demonstrated conflict of interests or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it resulted in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion [to withdraw]." United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993) (citation and quotation marks omitted) (alterations in original).

Even where good cause exists, other factors may take precedence.  See In re Tutu Wells Contamination Litig., 164 F.R.D. 41, 44 (D.V.I. 1995).  For example, the court may consider: the extent to which withdrawal will disrupt the case; how long the case has been pending; the financial burden the client will face in finding new counsel; see Byrd v. Dist. of Columbia, 271 F. Supp. 2d 174, 176 (D.D.C. 2003); prejudice to other parties; and whether withdrawal will harm the administration of justice; see United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F.

Supp. 244, 252-53 (D.N.J. 1997).

In Joseph Brenner Associates, Inc. v. Starmaker Entertainment, Inc., the Second Circuit affirmed the district court's decision to allow counsel to withdraw where conflicts with the client prompted him to refuse to pay his attorney's fees. See 82 F.3d 55, 57 (2d Cir. 1996). The client insisted that his son participate in the litigation and counsel could not work with the son's attorney, who counsel described as a "back-seat driver." See id. In addition, the client complained about counsel's representation. The Second Circuit held that, under the circumstances, counsel could not effectively represent the client and withdrawal was appropriate. See id.

Other courts have acknowledged that "withdrawal for failure to pay a fee 'will not necessarily be appropriate in all . . . circumstances.'" Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997) (quoting Hammond v. T.J. Litle & Co., Inc., 809 F. Supp. 156, 161 (D. Mass. 1992)). Before permitting counsel to withdraw, the court should consider: the amount of work remaining in comparison to the amount of work already performed and paid for; the amount of fees already paid; and the effect of withdrawal on the client. See id.; see also Gibbs v. Lappies, 828 F. Supp. 6, 8 (D.N.H. 1993) (denying motion to withdraw where withdrawal would adversely affect client). In Gibbs, counsel for the insureds sought to withdraw because the

insurer failed to pay the insureds' attorneys' fees.  The court denied the motion because the clients were not at fault for the failure to pay and because withdrawal would delay trial and jeopardize the clients' chances of prevailing.  See id.

Carlsmith and PPSV claim that they have a right to withdraw under Hawai`i Rule of Professional Conduct 1.16(b)(4)-(6), which provides:

> (b) Except as stated in paragraph ©), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
> . . . .
>
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (6) other good cause for withdrawal exists.

Haw. R. Prof. Cond. 1.16(b).  Paragraph ©) states that, even where good cause exists for withdrawal, a tribunal may order the attorney to continue representation.  See Rule 1.16©).

Attorneys practicing in this district are governed by the standards of professional and ethical conduct in the Hawai`i Rules of Professional Conduct.  See Local Rule LR83.3.

At the hearing, Ms. Lambert and Mr. Hylden represented that although they informed Plaintiffs and Mr. Baker that they filed the instant Motions, they have not received any response

6

from either party.  Based on these representations, coupled with the arguments set forth in Carlsmith's and PPSV's moving papers, the Court finds that withdrawal is appropriate.  The trial is not scheduled until March 2008.  Plaintiffs will therefore not suffer prejudice as a result of Carlsmith's and PPSV's withdrawal.  In addition, it appears that Plaintiffs remain represented by counsel.  Lastly, there are ethical and other grounds that justify withdrawal.  The Court accordingly GRANTS Carlsmith's and PPSV's Motions.

## **CONCLUSION**

Based on the foregoing, the Court HEREBY GRANTS Carlsmith's and PPSV's Motions to Withdraw as Counsel for Plaintiffs.  The Court further orders a status conference on August 13, 2007 at 9:00 a.m., at which Mr. Baker must appear or file a written request to participate by telephone.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, July 11, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NATIONAL CAREER COLLEGE, ET AL. V. MARGARET SPELLINGS, ETC., ET AL; CIVIL NO. 07-0075 HG-LEK; ORDER GRANTING CARLSMITH BALL LLP'S AND POWERS PYLES SUTTER & VERVILLE, P.C.'S MOTIONS TO WITHDRAW AS ATTORNEYS FOR PLAINTIFFS**